# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3660

_____

Donnell King

*Plaintiff - Appellant*

v.

Robert P. Houston, Director of the Nebraska Department of Corrections in his Individual Capacity; Diane Sabatka-Rine; Joanne Hilgert, Tek Ind. Supervisor, in her Individual Capacity; Mel Soyh, Tek Ind. Supervisor, in his Individual Capacity; TEK Industries, Inc., in their Official or Individual Capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: April 21, 2014
Filed: May 14, 2013
[Unpublished]

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Donnell King, an inmate at the Nebraska State Penitentiary (NSP), appeals the preservice dismissal without prejudice of his 42 U.S.C. § 1983 action. This court affirms in part and reverses in part.

In his pro se complaint, as amended, King claims that Tek Industries (Tek) and supervisors Joanne Hilgert and Mel Soyh racially discriminated against him, and that Department of Correctional Services Director Robert Houston and NSP Warden Diane Sabatka-Rine did not address his related grievances and also racially discriminated.

King, who is black, alleged the following. He worked for Tek at NSP for 7-1/2 years without incident. While he was at work in February 2010, a prison guard found him in possession of a prescription drug for which he did not have a prescription. Hilgert and Soyh discharged King for violating Tek's drug policy, and told him that under new Tek policy he could reapply after 2 years without a Class I or Class II misconduct report. The prison disciplinary committee found him guilty of drug abuse. In April 2011, a prison guard found a homemade weapon in white inmate Ricky Wilcox's Tek work station. Wilcox admitted making the weapon. The prison disciplinary committee found Wilcox guilty of possessing dangerous contraband, punished him with segregated confinement, and explained that the violation was serious because the weapon could have caused serious injuries and jeopardized prison safety. Less than six weeks later, Tek allowed Wilcox to return to work and did not terminate or discipline him. Tek's written policies prohibited drug or weapon possession at work, but did not contain the 2-year waiting period that Hilgert and Soyh cited to King. Over the previous 10 years, Tek's hiring ratio was 90% white, and Tek had fired 95% of its black workers.

The district court construed King's complaint as asserting a Title VII employment-discrimination claim, and dismissed the claim because he did not exhaust administrative remedies under Title VII and did not allege facts showing that he was terminated due to his race. The district court also dismissed the claims against Houston and Sabatka-Rine for failure to state a claim.

This court agrees that King failed to state a claim against Houston and Sabatka-Rine. King's allegation that Houston and Sabatka-Rine discriminated, without explaining how they were involved in Tek's employment decisions, was too conclusory to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (although liberally construed, pro se complaint must still allege sufficient facts to support claim advanced). Likewise, King's allegation that they did not adequately consider his grievances did not state a claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983). This court also agrees that to the extent King was attempting to bring a Title VII claim, his failure to timely seek administrative remedies barred the claim. *See* 42 U.S.C. § 2000e-5(e)(1); *Wilson v. Brinker Int'l, Inc.*, 382 F.3d 765, 769 (8th Cir. 2004) (Title VII claim is time-barred if not filed within administrative charge period).

Liberally construed, however, King's complaint also could be understood to raise employment-discrimination and equal-protection claims under 42 U.S.C. §§ 1981 and 1983 against Tek and supervisors Hilgert and Soyh. The district court did not address these claims, and we remand the case for the court to consider them in the first instance.

For these reasons, this court affirms the dismissal of the Title VII claim and the claims against Houson and Sebatka-Rine, but remands for consideration of claims against Tek, Hilgert, and Soyh under 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

_____